UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ULESES HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-00183 |
| | § | |
| JACKIE BROOKS; BROOKS TRANSPORTATION, LLC; AND WILLIE J. MILSAPS, | § § § | |
| Defendants. | § | |

## DEFENDANTS JACKIE BROOKS AND BROOKS TRANSPORTATION, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants JACKIE BROOKS and BROOKS TRANSPORTATION, LLC (the "Brooks Defendants") file this Notice of Removal to remove this civil action from the 93rd Judicial District Court of Hidalgo County, Texas, wherein it was filed as Cause No. C-8654-14-B on December 10, 2014, to the United States District Court for the Southern District of Texas in accordance with 28 U.S.C. §§1331, 1441, 1446.

### I.   Background

1.   Plaintiff Uleses Hernandez ("Plaintiff") filed this civil action in the 93rd Judicial District Court of Hidalgo County, Texas on December 14, 2014, against Brooks and Willie J. Milsaps (collectively, "Defendants"). (Exhibit 1, Plaintiff's Original Petition with Requests for Disclosure.) The action was styled *Uleses Hernandez v. Jackie Brooks; Brooks Transportation, LLC and Willie J. Milsaps.* (Ex. 1 at 1.)

2. In his Original Petition with Requests for Disclosure ("Original Petition"), Plaintiff alleges various claims against Defendants, including negligence and negligence per se. (Ex. 1 at 2-3.)

3. Plaintiff seeks damages for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, lost wages in the past and wage earning capacity, impairment, disfigurement, and property damage, totaling "more than $100,000.00 but not more than $500,000.00." (Ex. 1 at 4.)

4. At the time of the filing of this Notice of Removal, no process, pleadings, or orders have been formally served on the Defendants. However, all such documents informally received by the Brooks Defendants are attached herein as Exhibit 1.

## II. Timeliness

5. 28 U.S.C. § 1332(b)(1) states, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

6. A named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344 (1999). If the initial pleading is filed before the summons is served, the 30-day removal period begins when the

summons is served. *Id.* at 354.

7. Although the Original Petition was filed on December 14, 2014, and the Brooks Defendants have received a copy of the Original Petition through informal means, this Notice of Removal is timely because, as of the date of filing this Notice of Removal, Defendants have not been formally served with process. (Exhibit 2, Hidalgo County District Clerk's Case Summary for Cause No. C-8654-14-B.) Also, on April 1, 2015, Plaintiff filed a Motion for Substitute Service. (Ex. 3.) The Court signed an Order on Motion for Substituted Service (Rule 106) on April 6, 2015. (Ex. 4) As such, the 30-day removal period has not been triggered, and this Notice of Removal is timely.

### III. Consent to Removal

8. As previously stated, Defendants have not been formally served with process. (Ex. 2.) Accordingly, the consent of Defendant Willie J. Milsaps—the other unserved and remaining defendant—is not required. 28 U.S.C. § 1446(b)(2)(A) (. . . "all defendants who have been properly served in the suit must join in the notice of removal or consent to the removal.").

### IV. Venue

9. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Southern District of Texas, is the district and division embracing the place where the state court action is pending.

### V. Notice

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Hidalgo County District Clerk and a copy provided to counsel

of record for Plaintiff.

### VI. Basis for Removal

**A.    Diversity Jurisdiction**

11.    28 U.S.C. § 1332(a)(1) states, in part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States."

12.    Plaintiff Uleses Hernandez is an individual who is a citizen of the State of Texas. (*See* Ex. 1.)

13.    Defendant Jackie Brooks is an individual who is a citizen of the State of Arkansas. (*See* Ex. 1 at 1.)

14.    Defendant Brooks Transportation, LLC is registered and has its principal office and place of business in the State of Arkansas. (*See* Ex. 1 at 1-2.)

15.    Defendant Willie J. Milsaps is an individual who is a citizen of the State of Mississippi. (*See* Ex. 1 at 2.)

16.    Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir.2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)

17.    Here, Plaintiff and Defendants are citizens of different states. Thus, there is complete diversity of citizenship between the parties. *See McLaughlin*, 376 F.3d at 353; *Harvey*, 542 F.3d at 1079.

18.    If a party files in a civil claim in state court, the defendant(s) may remove the case to the federal district court in which it would have original jurisdiction based on diversity of

citizenship. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996).

**B.   Amount in Controversy**

19.   28 U.S.C. § 1332(a) states, in part, "[T]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

20.   Plaintiff seeks monetary damages of "more than $100,000.00 but not more than $500,000.00." (Ex. 1 at 4.)

21.   28 U.S.C. §1446(2) states that the damages alleged in the initial pleading shall be deemed to be the amount in controversy.

22.   Consequently, the monetary amount in controversy exceeds $75,000.00.

### VII.   Conclusion and Prayer

Defendants JACKIE BROOKS AND BROOKS TRANSPORTATION, LLC respectfully request this Court to take jurisdiction over this action and issue all necessary orders and processes to effectuate the removal of this action from the 93rd Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas.

Respectfully submitted,

**THORNTON, BIECHLIN, SEGRATO, REYNOLDS & GUERRA, L.C.**
418 E. DOVE AVE.
MCALLEN, TEXAS 78504
TEL: (956) 630-3080
FAX: (956) 630-0189

/s/ Ricardo D. Villanueva
**RICARDO D. VILLANUEVA**
Southern District ID #32254
Texas State Bar No.: 00792896

**ATTORNEY FOR DEFENDANTS JACKIE BROOKS AND BROOKS TRANSPORTATION, LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered, via facsimile, pursuant to the Federal Rules of Civil Procedure, on the 22nd day of April, 2015 to the following counsel of record:

*Via facsimile*
Mr. William J. Tinning
Law Office of William J. Tinning, P.C.
1013 Bluff Drive
Portland, TX 78374
btinning@tinninglaw.com

*Via facsimile*
Mr. Francisco Martinez
2215 N. 23rd St.
McAllen, TX 78501
willie@fmtzlaw.com

/s/ Ricardo D. Villanueva
**RICARDO D. VILLANUEVA**