UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ULESES HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-183 |
| | § | |
| JACKIE BROOKS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The Court now considers the "Motion to Dismiss with Prejudice,"[1] filed by Plaintiff requesting that the Court dismiss his claims against all Defendants. Defendants Jackie Brooks and Brooks Transportation LLC have filed an answer[2] and did not sign the motion to dismiss. Defendant Willie J. Milsaps has not been served and has not appeared in this action.[3]

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), Plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Because Defendants Brooks and Brooks Transportation LLC, the only defendants who have appeared, have filed an answer and did not sign the motion, Plaintiff may dismiss his claims as to those defendants only by Court order.[4] In contrast, because Defendant Milsaps has not appeared, as to this defendant, the Court will construe the motion to

---

[1] Dkt. No. 9.
[2] Dkt. No. 3.
[3] *See* Dkt. No. 1 at ¶ 8.
[4] *See* Fed. R. Civ. P. 41(a).

dismiss as a notice of dismissal, which takes effect when filed and does not require an order of the Court.[5]

Because the Court has not ruled on Plaintiff's motion to remand,[6] which now stands unopposed,[7] the Court does not have the authority to dismiss this action with prejudice. However, in light of the settlement, the Court **GRANTS** the motion and **DISMISSES** the case **WITHOUT PREJUDICE**. The Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE this 23rd day of July, 2015, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[5] *See Meinecke v. H&R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995) (citing Fed.R.Civ.P. 41(a)(1)(ii)).
[6] Dkt. No. 6.
[7] *See* L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition . . . .").